Labales, J.
The plaintiff, as lessee of the Oarondelet Canal and Navigation Company of New Orleans, claims of the city, the sum of $5,000, as damages suffered by him, and caused by the defendant in draining into the Bayou St. John.
The defendant excepted to the petition on the following grounds:
1. Because the same contains no cause of action.
2. Because plaintiff has no legal interest in the matter in controversy, his alleged lease being invalid, the Oarondelet Canal and Navigation Company of New Orleans having no authority in law to lease, or otherwise dispose of its entire corporate property and rights, and subrogate to all its corporate powers and privileges the plaintiff or other persons.”
The exception was overruled, and, the defendant failing to answer, a *107 judgment by default was rendered, and made final, for $2,000. The city appealed.
By the first section of the act of incorporation, approved March 16, 1857, the said company can sue and be sued, purchase, hold, sell, convey, contract, lease, and release, grant, transfer, and receive, etc.
By the third section of an act relative to said company, approved March 10, 1858, it is enacted, “ That after the expiration of five years from the final passage of this act, the city corporation shall be prohibited from draining into Bayou St. John; and should said city continue to drain into said Bayou after the expiration of the term aforesaid, then, only upon due indemnity being made for any injury which shall be made to appear to result therefrom; said indemnity to be determined by three experts, to be appointed, one by the, city corporation, one by the company, and one by any of the District Judges of New Orleans,” etc.
By notarial act, passed on the 1th of March, 1861, the said company leased unto John' L. Gubernator and Michael Currin, (the latter subsequently transferred all his rights to the former,) who acknowledged possession: “The Canal Carondelet, the dredge-boats, shell-roads, and buildings thereto appertaining, the privilege of collecting tolls on the Canal, the Bayou St. John, and shell-road, and all other rights and privileges of the said company, under its charter and the amendments thereto. ” And, among other things, the right of claming indemnity which may be claimed from the City of New Orleans, during the period of the lease, under the third section of the act relative to the company, approved March 10, 1858, was specially transferred to the lessees in the act of lease, which was granted for twelve years from the date of the act.
It is insisted, in this Court, that the company had no power to make a valid lease of all its property, and surrender to an individual the exclusive control of its property, and the management of its affairs; and that the exception to the cause and right of action should have been sustained.
The power to lease, granted by the charter, is unlimitedand unrestricted; no distinction is made whether or not it be for the whole or a part of the property. How can we discriminate and distinguish, when the law does not? Ubi lex non distinguit, nec nos distinguere debemus. Were we to attempt to draw a line of restriction and limitation, where would we trace it? It would be an arbitrary exercise of power on our part, reprobated by law.
We are of opinion that our learned brother below, decided correctly in overruling the exception.
After the decision of the Court upon said exception, the defendant made no further appearance or defence.
This suit was filed on the 7th, and served on the defendant on the 8th of March, 1861; the three experts contemplated by the charter, were appointed and qualified, and they made their report on the 2d of March, 1865, assessing the damages at $2,000. The Judge, in making the judgment by default final, homologated the report of the experts, and gave judgment pursuant thereto, for $2,000. But the defendant complains in this Court, that the report of the experts was not offered in evidence, and that therefore there was no proof of damage. It is true, that the note of evidence makes no mention of the said report having been adduced on *108 the trial; and we regret to say that, in the absence of that document from the evidence, the Court had no proof of damages in support of its judgment, as required by the third section of the amendment to the charter of the company. We are, therefore, of opinion that the judgment is erroneous, and that the case must be remanded.
The appellant has attempted, in the written brief, to raise issues not authorized by the pleadings below, and we have passed them unnoticed.
It is thefore ordered and decreed that the judgment appealed from be annulled and reversed, and that the case be remanded, to be proceeded in according to law, and that the plaintiff and appellant pay the costs of this appeal.